**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GARY C. QUILLING,**

    **Plaintiff,**

vs.                                 **Case No. 4:10cv404-WS/WCS**

**MARTHA HUMPHRIES, et al.,**

    **Defendants.**

                                     /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 on September 17, 2010. Doc. 1. As Plaintiff has now paid the assessed initial partial filing fee, doc. 5, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's claims concern his incarceration at Jefferson Correctional Institution during the year 2006. Doc. 1, p. 10. Plaintiff alleged that on August 17, 2006, he complained to Defendant Colone about misconduct of an officer. Doc. 1, p. 12. As a result, Plaintiff contends he was threatened with physical violence. *Id.* Plaintiff then submitted several grievances about the threat and requested protective custody on

August 20, 2006. *Id.*, at 13. On August 21st, Plaintiff alleges Officer Keys threatened Plaintiff with physical violence. *Id.* On August 24th, Plaintiff alleges he was threatened by Captain Pickles because Plaintiff would not withdraw his grievances and request for protective custody. *Id.*

Plaintiff complains that Defendant Cloud did not process some of Plaintiff's grievances so as to prevent Plaintiff's access to the courts on exhaustion grounds. *Id.*, at 13-14. Plaintiff also complains that when Inspector Clark interviewed Plaintiff about his allegations concerning threats by Defendants Colone, Pickles, and Keys, Inspector Clark "exhibited a bored and indifferent attitude . . . and did not take adequate action to prevent future physical and mental abuse of" Plaintiff. *Id.*, at 14. Plaintiff alleges more harassment by administrative confinement staff, including planting "evidence" for a false disciplinary report. *Id.*

Plaintiff alleges that on August 19, 2006, he submitted a grievance to Defendant Humphries complaining about reprisal. *Id.*, at 15. The response found that Plaintiff's allegations were not substantiated. *Id.*

Plaintiff further alleges that Captain Colone ordered Plaintiff out of his cell on September 10, 2006, and then threatened Plaintiff about writing grievances. *Id.*, at 15. He then sent Plaintiff to Sergeant Hasty and Officer Hall, who then physically abused Plaintiff as retaliation for filing grievances. *Id.,* at 15-16. Plaintiff alleges that Officer Paccahioli watched the abuse, but did nothing. *Id.*, at 16. After assaulting Plaintiff, Defendants Hasty and Hall threatened Plaintiff that if reported what happened, they would come back again. *Id.*, at 17. They also prevented the nurse from going to

Plaintiff's cell door during medication rounds to prevent Plaintiff from reporting the abuse. *Id.*, at 17.

Plaintiff was finally able to report the abuse the next day, September 11, 2006, but the nurse who examined him "refused to adequately record [Plaintiff's] complaint or injuries." *Id.*, at 17. Thereafter, Plaintiff was examined, interviewed, and his injuries noted by Ms. Melkate, a Mental Health Counselor. *Id.*

Plaintiff complains of continued retaliation by unidentified staff. *Id.*, at 18. For example, Plaintiff complains that he would repeatedly be given empty food trays and threatened with physical abuse. *Id.* He also alleged that staff would take away his pen and grievances forms while he was out of his cell taking showers. *Id.*

Plaintiff stated that Defendant Cloud intercepted grievances and failed to deliver responses. *Id.*, at 18. Inspector Clark interviewed Plaintiff a second time concerning Plaintiff's allegations of abuse, but Plaintiff states that he still never received any responses. *Id.*

Plaintiff states that he was kept in administrative confinement for about three months, during which time Officers Ralph and Branch repeated threatened Plaintiff with abuse. *Id.*, at 19. Sgt. Farmer refused to transfer Plaintiff in August, and Plaintiff alleges it was not until November, 2006, that Plaintiff was "coerced into making a deal" to stop his grievance writing in exchange for a transfer. *Id.* As relief, Plaintiff seeks monetary damages for his "bodily injury and resulting pain and suffering, mental and emotional anguish, continuing fear of future abuses by vindictive and sadistic" staff. *Id.*, at 19-20.

Nearly all of the dates of Plaintiff's allegations are from September 11, 2006, and earlier. This case was not initiated until September 17, 2010, although Plaintiff signed the complaint on September 14, 2010. Doc. 1, p. 20. The only claims which Plaintiff dates after September 11, 2006, are that for about three months before he was transferred sometime in November, 2006, Officers Ralph and Branch threatened Plaintiff with further abuses and gave him empty food trays. Those officers are not Defendants in this case. Then in November, Plaintiff alleges he was coerced into making a deal to withdraw some grievances in exchange for a transfer. *Id.*, at 19. Attached to Plaintiff's complaint is a copy of a grievance Plaintiff submitted on November 9, 2006, in which he claims he has been in confinement while the investigation into his allegations of assault by Capt. Colone were continuing, and he suggests he has not been notified of the outcome. Doc. 1, p. 33. There are no grievances which would support the claim that Plaintiff was not given food trays or that his transfer was retaliatory or otherwise violated his constitutional rights.[1] Furthermore,

---

[1] The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The Court held in Jones that exhaustion is an affirmative defense, but while a prisoner is not required to plead or prove exhaustion, a district court may still dismiss a complaint on its own initiative when it is clear from the face of the complaint that such an affirmative defense is available. Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug.24, 2007), *citing* Sanks v. Willams, No. CV407-070, 2007 WL 3254368, at *2 (S.D.Ga. Nov.2, 2007) (while a

verbal abuse does not violate the federal constitution.[2] The allegations after September 11, 2006, therefore, are insufficient to state a claim upon which relief may be granted.

Even assuming that Plaintiff has some viable claims in this case,[3] it arrives too late. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Because Plaintiff's claims

---

prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. CV303-488, 2007 WL 496472, at *2 (N.D.Fla. Feb.12, 2007) ("Where the pleadings and the record confirm that a prisoner has violated 42 U.S.C.1997e(a) by failing to exhaust his remedies before filing suit," the court may raise the issue of exhaustion *sua sponte* or dismiss the complaint without service on the defendants.); Colston v. Cramer, No. 06-14842, 2007 WL 1655413, at *2 (E.D.Mich. Jun.07, 2007) (same); Ghosh v. McClure, No. H-05-4122, 2007 WL 400648, at *5-6 (S.D.Tex. Jan.31, 2007) (same); *see also* Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (dicta).

[2] "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); *accord*, Oltarzewski v. Ruggiero, 830 F.2d 136, 139-40 (9th Cir. 1987); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985)(holding that "[v]erbal threats do not constitute a constitutional violation."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983), *cited in* Shiflet v. Cornell, 933 F. Supp. 1549, 1556 (M.D. Fla. 1996) (finding that "verbal harassment . . . is not cognizable under § 1983."); *see also* Stacey v. Ford, 554 F. Supp. 8, 9 (N.D. Ga., 1982). *See* Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979); Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989); Pittsley v. Warish, 927 F.2d 3 (1st Cir. 1990).

[3] Several claims arising before September 11, 2006, are insufficient, but those need no elaboration considering the statute of limitations bars all claims.

took place more than four years prior to his filing this case, they are barred by the statute of limitations and must be dismissed.

The expiration of the statute of limitations warrants § 1915 dismissal. <u>Clark v. Georgia Pardons and Parole Bd.</u>, 915 F.2d 636, 641, n. 2 (11th Cir. 1990). Plaintiff's statement of facts makes clear that he was aware of the wrongfulness of the actions alleged at the time they occurred. Thus, these claims are all barred and subject to dismissal.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2010.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**