IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GARY C. QUILLING,

        Plaintiff,

v.                                       4:10cv404-WS

MARTHA HUMPHRIES, et al.,

        Defendants.

_____

ORDER REMANDING CASE TO THE
MAGISTRATE JUDGE FOR FURTHER CONSIDERATION

Before the court is the magistrate judge's report and recommendation docketed October 20, 2010.  See Doc. 6.  The magistrate judge recommends that the plaintiff's complaint be dismissed as barred by the statute of limitations.  The plaintiff ("Quilling") has filed objections to the report and recommendation.

Among other things, Quillling correctly contends that the "file date" for statute-of-limitations purposes was September 14, 2010, the date he turned his complaint over to jail staff for mailing, and not—as the magistrate judge found—September 17, 2010, the date that the clerk's office received his complaint.  He also contends that, because an inmate is statutorily required to exhaust the grievance process before he is permitted to file a civil action, the statute of limitations should commence when the grievance process is completed and not—as determined by the magistrate judge--- when a prison official allegedly commits a constitutional violation.  To be sure, there

is case law to support Quilling's contention.  See, e.g., Nickolich v. Rowe, 299 Fed.

Appx. 725, 725-26 (9th Cir. 2008) (finding that, given California's two-year statute of

limitations, a state prisoner's § 1983 deliberate indifference claim was not barred by

the statute of limitations, where the inmate commenced his prison grievance process

immediately after his claim accrued and filed a complaint within two years of

completing the mandatory grievance process); Johnson v. Rivera, 272 F.3d 519,

522 (7th Cir. 2001) (holding that a federal court relying on the Illinois statute of

limitations in a § 1983 case must toll the limitations period while a prisoner

completes the administrative grievance process); Brown v. Morgan, 209 F.3d 595,

596 (6th Cir. 2000) (concluding that tolling is appropriate while prisoner completes

mandatory exhaustion); Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999)

(same).  Quilling further contends that, in this case, equitable tolling of the statute of

limitations—for a matter of a few days—is appropriate given his allegation that

"extraordinary circumstances" beyond his control caused a delay in the filing of his

complaint.  In addition, he contends that, even if tolling is not appropriate, some of

the defendants' alleged constitutional violations occurred after September 14, 2006,

and would, therefore, fall within the untolled statutory period.

  The court has carefully reviewed Quilling's complaint, the magistrate judge's

report and recommendation, and Quilling's objections.  Because the court cannot

find that the statute of limitations necessarily bars Quilling's claims, it is ORDERED:

  The case shall be returned to the magistrate judge for further consideration.

  DONE AND ORDERED this ___17th___ day of ___November___, 2010.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE