**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**GARY C. QUILLING,**

      **Plaintiff,**

**vs.**                                             **Case No. 4:10cv404-WS/WCS**

**MARTHA HUMPHRIES, et al.,**

      **Defendants.**

_____/


**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, a *pro se* prisoner, has filed a second amended complaint, doc. 25, and a response to my last order, doc. 24. Plaintiff objects to the order which required him to provide addresses for the ten Defendants named in his case. Doc. 24, *citing doc. 23.* Plaintiff argues that amending the complaint to provide correct addresses is "unduly burdensome and unnecessary." Doc. 24. Were this the only matter in contention, I would order Plaintiff to comply.

Plaintiff, however, was also ordered to submit an amended complaint which deleted his claim against Defendant Abdul-Wasi, and Plaintiff "respectfully declines to amend" and delete that claim. Doc. 24, p. 5. Plaintiff suggests that instead of him being required to amend, I should enter an report and recommendation to dismiss the

Defendant.  *Id.*  Plaintiff has a right to ask for review by the district judge of my direction that he dismiss his claim against Defendant Abdul-Wasi.

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  However,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* [Twombly], at 570, 127 S.Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*, at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 556 U.S. 1937, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

*Pro se* complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through

discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A plaintiff must allege factual allegations concerning each material element of his claim as it cannot be assumed that a plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**Defendant Abdul-Wasi**

Plaintiff alleges:  "For many years leading up to 2006, there existed a policy, custom and practice at [Jefferson Correctional Institution, hereafter JCI] of security and administrators physical and mental abuse of inmates, particularly against inmates who file complaints and grievances against JCI employees."  Doc. 25, ¶ 7.  Plaintiff generally claims wide-spread abuse and corruption, ¶ 2-6, and contends that the "policy, custom or practices were well documented as a matter of historical record in the large volume of files of investigations of inmate abuse maintained by the FDOC, Inspector General, Adbul-Wasi . . . ."  ¶ 8.  Plaintiff asserts that Defendant "Abdul-Wasi, IGO, had advance knowledge of JCI retaliatory abuse practices and Quilling's fears thereof, were deliberately indifferent thereto, and refused to prevent security abuses of [Plaintiff]

Quilling." ¶10.  These allegations are insufficient to state a claim.  There is no allegation of any specific action or inaction by this Defendant causing specific constitutional harm to Plaintiff.

Plaintiff's next mention of Defendant Abdul-Wasi is that Plaintiff "never received any responses to grievances, or appeals based on no responses, submitted **against** Inspector Clark and IFO, Jerald Abdul-Wasi, from JCI or FDOC Bureau Inmate Grievances."  ¶58 (emphasis in the original).  That is not an allegation of wrong-doing by Defendant Abdul-Wasi and is insufficient to state a claim against him.

Plaintiff also alleges that Defendant Abdul-Wasi "had authority/cause to transfer [Plaintiff] back in August, but deliberately refused to do so."  ¶60.  An inmate has no constitutional right to be transferred to another prison, that allegation is insufficient to state a claim.  Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

In summary, Plaintiff's second amended complaint fails to state a claim against Defendant Abdul-Wasi.  Claims against Defendant Abdul-Wasi must be dismissed.

**Defendants Cloud,  Roberts, Humphries, and Crawford**

Defendant Cloud is alleged to have been the "IGO prison inspector."  ¶ 15. Plaintiff alleges that in 2006, this Defendant Cloud was "supervising the prison Grievance Procedures" and "harbored a grudge against" Plaintiff and began "threatening [Plaintiff] with retaliation, and did retaliate and punish [Plaintiff] using H-Dorm Supervisor, Sgt. Ford."  Doc. 25, ¶ 16.  Plaintiff presents no facts giving rise to a plausible inference that he was retaliated against in a specific way, how Cloud caused the retaliation, when this occurred, and what harm Plaintiff experienced.  There are no facts alleged which show any connection between Sergeant Ford and Defendant Cloud,

or explaining how or when Sergeant Ford punished Plaintiff.  The allegation in paragraph 16 is insufficient to state a claim against Defendant Cloud.

Plaintiff then alleges that he was summoned to "Defendant Cloud's office" on August 21, 2006, where Plaintiff expressed his fear of being physically abused by staff in disciplinary confinement.  Plaintiff requested protective custody. ¶19-20.  Plaintiff sought protective custody because he alleges that on August 17, 2006, Captain Colon had threatened to beat him.  ¶ 17.  Plaintiff alleged that his request for protection was also made to Defendant Colonel Roberts.  ¶20.  Plaintiff states that he was then escorted to H-Dorm Wing 2 "and placed in AC [administrative confinement] pending PC," which is assumed to mean protective custody review.  ¶21.  Thus, Plaintiff's request for assistance was heard and *granted* by Defendants Cloud and Roberts. These allegations are insufficient to state a claim against Cloud and Roberts.

Plaintiff alleges that "Defendant Cloud/Grievance Staff screened out select griev./appeals from Grievance Logs to prevent verification of exhaustion requirements." ¶24.  Plaintiff also claims that "Defendant Cloud, and Security Assistants over the Grievance Procedures at JCI, deliberately did not process some of Quilling's grievances and appeals, or provide Quilling FDOC responses thereto, in order to prejudice Quilling's ability to use same to verify this complaint."  ¶26 (emphasis in the original). Plaintiff provides no facts to support his claim that Defendant Cloud personally must have participated or instructed others to thwart Plaintiff's grievance efforts.  Plaintiff does not identify any specific grievance that was thwarted.  Plaintiff provides no dates as to when any of these events took place either.  Dates are important as it is likely that

there will be a motion to dismiss based upon the statute of limitations  These are insufficient to state a claim against Defendant Cloud.

Plaintiff then contends that he submitted a formal "grievance of reprisal" to Defendant Warden Humphries and advised that Plaintiff "anticipated" physical abuse in the future.  ¶32.  Plaintiff contends that Defendants "Humphries, Cloud, Crawford and Roberts deliberately refused to take available corrective action to prevent" staff from abusing Plaintiff.  *Id.*  Plaintiff's grievance was denied with the response, "your allegation of anticipated retaliation is not substantiated."  ¶33.  Responding to a grievance or denying a grievance is not sufficient to state a claim and is not a constitutional deprivation.  The regulations of the Florida Department of Corrections do not place substantive limitations upon official discretion or mandate any particular outcome upon the filing of a grievance as required to demonstrate a state created liberty interest under Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).  While DOC regulations provide that a response shall state whether the grievance is approved or denied and for what reasons, the decision of whether to approve or deny is completely discretionary.

With regard to paragraphs 32 and 33, it is possible to state a claim against a correctional officer for failure to protect, but the law requires a great deal more specificity.  After Twombley and Iqbal, there must be sufficient allegations giving rise to a plausible inference of fact to support the claim.  Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) held that:

> . . . a prison official cannot be found liable under the Eighth Amendment
> for denying an inmate humane conditions of confinement unless the
> official knows of and disregards an *excessive* risk to inmate health or
> safety; the official must both be aware of facts from which the inference
> could be drawn that a *substantial risk of serious harm* exists, and he must
> also draw the inference.

511 U.S. at 837, 114 S.Ct. at 1979 (emphasis added).  Plaintiff does not allege what he

said in his grievance, and, therefore, does not allege a sufficient basis to give rise to a

plausible inference that Defendants Cloud, Humphries, Crawford, or Roberts knew of

and disregard an excessive risk to Plaintiff's health and safety, that is, that any of them

were aware of facts from which the inference could be drawn that a substantial risk of

serious harm existed and that they each drew that inference.

Plaintiff claims in another section of the complaint that Defendant Cloud

"deliberately failed to process select grievances and appeals" from Plaintiff and that

Defendant Cloud "intercepted responses to other grievance/appeals" and "Security"

"failed to deliver other grievance/appeal responses to prevent grievance and legal

exhaustion requirements."  ¶54.  Plaintiff's allegation here is another bald assertion of

fact and suggests a large conspiracy, but Plaintiff alleges nothing giving rise to a

plausible inference of fact to support the conclusions he reaches, nor does he state

when these events occurred.  Moreover, the grievance process requires an inmate to

submit a grievance and if no response is received within the time set by the Rules, the

inmate may simply go on to the next level of the grievance process or, if at the final level

of review, he is "entitled to proceed with judicial remedies as he would have exhausted

his administrative remedies."  FLA. ADMIN. CODE R. 33-103.011(4).

Plaintiff also claims that he "verbally complained to" Defendants Humphries, Cloud, Crawford, and Roberts when they made their weekly rounds, but "Defendants failed to adequately take action to protect [Plaintiff] from abuse." ¶55.  This is much like his "failure to protect" allegations in paragraphs 32 and 33.  Plaintiff does not provide dates of any of these occasions he complained, nor does Plaintiff explain or allege what information he told them such that they were on notice of a specific potential problem.  In other words, Plaintiff does not allege that he told these Defendants he was at risk of abuse from a specific officer or officers such that he needed to be moved or transferred.  It is also noted that at the time he made these complaints, he was already housed in administrative or disciplinary confinement.  Plaintiff presents no facts showing that this housing assignment was not sufficient.  This claim also is insufficient to state a claim upon which relief may be granted.

**Refusal to provide addresses for Defendants**

Plaintiff has refused to submit an amended complaint which provides correct address or location for the named Defendants.  There is an orderly process used to serve complaints within the Department of Corrections, and that process entails use of the United States Marshals Service to serve prisoner complaints.  The time and effort of the United States Marshals Service should not be wasted in attempting to serve Defendants at improper locations.  Plaintiff named ten Defendants and it is clear that nearly all of them are, or were, employed at Jefferson Correctional Institution.  Despite being well aware that the Defendants are not located at the Department of Corrections Central Office, Plaintiff lists that address for every Defendant.  *See* docs. 21 and 25, p. 2.  It is clear that officials such as a warden, assistant warden, colonel, captain and the

like will probably be located at the prison facility.  The Inspector General operates out of Central Office and may properly be served there.  It is unknown whether Prison Inspector Clark is employed, at Central Office or at the Institution.  Plaintiff has refused to make any effort to provide accurate addresses.  Until he does so, service should not be directed and the Marshals Service should not be required to waste time, energy, and resources.  It is recommended that Plaintiff be ordered to supply proper addresses for each Defendant remaining in this case.

**Recommendation**

In light of the above, it is respectfully recommended that Plaintiff's second amended complaint be **DISMISSED** as to the claims brought against Defendants Abdul-Wasi, Cloud, Roberts, Humphries, and Crawford for failure to state a claim upon which relief may be granted.  It is further recommended that Plaintiff be **ORDERED** to file a third amended complaint which omits these dismissed claims, provides factual allegations to support each claim alleged against each remaining Defendant, provides the relevant date for each alleged event, and which provides proper and correct addresses for the named Defendants, and that this case be **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 11, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**