IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GARY C. QUILLING,

    Plaintiff,

vs.                                         Case No. 4:10cv404-WS/CAS

DAVID W. CLARK, Inspector,
JOSE COLON, Captain,
CAPTAIN PICKLES,
JEFFREY HASTY, Sergeant,
ROBERT HALL, Corrections Officer,

    Defendants.

_____/


## SECOND REPORT AND RECOMMENDATION

Defendants Clark, Colon, and Hasty have filed a motion to dismiss. Doc. 89. The motion seeks dismissal of this case on the basis that Plaintiff failed to "truthfully disclose [a] prior federal case . . . ." *Id.* This recommendation is made without awaiting a response from Plaintiff.

Defendants contend that in Plaintiff's third amended complaint, doc. 38, which he signed under penalty of perjury, Plaintiff failed to honestly disclose the status of a prior case. Doc. 89. Plaintiff cited the case in this third amended complaint, listing it as case 1-10-cv-23789 which was filed in the Southern District and then noted it was transferred to the Middle District and assigned case number 8-10cv-2681, and then transferred

again to the Orlando Division, and assigned case number 6-10-1798.  Doc. 38, at 4. Plaintiff said the case was truly "not a 'previous' action" because the original filing date was October 20, 2010.  *Id.*  Defendants argue that is wrong because the third amended complaint was filed on September 14, 2011.  Doc. 38.  Moreover, Defendants contend that Plaintiff falsely indicated on the complaint form that the case was "still pending." Doc. 82, at 2.  Defendants point out that after the case was transferred to Orlando, it was dismissed because Plaintiff failed to comply with an order to file an amended complaint, and Plaintiff's motion to alter or amend the judgment was denied on May 10, 2011.  *Id.*  Because the case was dismissed some four months prior to the date on which Plaintiff filed the third amended complaint, Defendants argue that this "case should be dismissed due to Plaintiff's dishonest representation." *Id.*

There undoubtedly are appropriate cases which should be dismissed when a prisoner fails to honestly and completely make disclosures about prior litigation.  Such instances are when a prisoner attempts to conceal disclosures which, if known, would preclude granting *in forma pauperis* status under 28 U.S.C. § 1915(g).  Such instances are when a prisoner attempts to hide the fact that the same set of facts have already been litigated and *res judicata* or collateral estoppel is at issue.  Such instances may also occur in a case where a prisoner has abused the judicial process.  This however, is not such a case.

It is true that Plaintiff filed the third amended complaint on September 14, 2011, a date prior to the dismissal of case 6:10cv1798 in the Middle District of Florida.  Yet Plaintiff had not attempt to conceal the existence of the case; rather, he disclosed it and detailed the subsequent transfers of the case, accurately listing all case numbers.

Case No. 4:10cv404-WS/CAS

Having simply stated that the case was still pending instead of dismissed is not so egregious that it warrants dismissal. Plaintiff likely used prior versions of the complaint filed in this case as a guide in submitting the third amended complaint and that could account for the inadvertent error in stating it was still pending. Moreover, Plaintiff correctly disclosed that the Middle District case was not a "previous" case because, technically at least, Plaintiff *initiated* this case on September 17, 2010, a month prior to Plaintiff's having *initiated* the case in the Middle District on October 20, 2010. Nonetheless, it was properly identified for the Court.

To dismiss this case solely on the basis that Plaintiff stated a case was still pending when it had been dismissed for failure to submit an amended complaint goes too far. Plaintiff listed the case, in all its transferred forms, correctly listing the case numbers. Plaintiff has not acted in bad faith to hide the case. The motion to dismiss, doc. 89, should be denied and Defendants directed to file an answer to the third amended complaint within ten days of the date the order adopting this report and recommendation is entered.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 89, be **DENIED** and Defendants directed to file an Answer to the third amended complaint within ten days. It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 23, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**