IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GARY C. QUILLING,**

    **Plaintiff,**

**vs.**                                                                      **Case No. 4:10cv404-WS/CAS**

**DAVID W. CLARK, Inspector,**
**JOSE COLON, Captain,**
**CAPTAIN PICKLES,**
**JEFFREY HASTY, Sergeant,**
**ROBERT HALL, Corrections Officer,**

    **Defendants.**

_____/

## THIRD REPORT AND RECOMMENDATION

Plaintiff filed a third amended complaint against five Defendants on September 14, 2011. Doc. 38. Service copies were required by Plaintiff, doc. 39, and an Order was entered directing service on October 18, 2011. Doc. 43. Only three Defendants have been served in this case. Several efforts were made to locate and serve the two Defendants who were no longer employed by the Department of Corrections. Docs. 55, 57, 59-61. Despite requesting assistance from the Department of Corrections in locating former employees, the efforts were not successful.

The process used in this case has been successful in the past, and there is no reason to assume that good faith efforts were not made to find these two former

employees.  It is a difficulty that should be expected in a case which presents allegations concerning events which occurred between August and September of 2006, and Plaintiff waited until September of 2010 to initiate this case.  It is now approximately six years later from the events at issue, and with that passage of time comes the possibility that persons have moved away or even passed away.

The pro se Plaintiff was ordered to respond and advise the Court of his intentions concerning two Defendants (Hall and Pickles) who remain unserved and whose whereabouts are unknown.  Docs. 61-62, 86, and 93.  Plaintiff objected to those Orders, but they were affirmed.  Docs. 83, 86.  Plaintiff has had since January 2012 to attempt to locate the Defendants, and the need for further additional time has not been shown and is deemed unnecessary.  That is particularly true when Plaintiff has failed to respond to court orders which already provided him with additional time.  Plaintiff has not shown good cause to extend the time for service any further.  *See* Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (noting that under Rule 4(m), the "court must extend the time for service, however, if the plaintiff shows 'good cause' for the failure.").

In Richardson, the Eleventh Circuit considered whether or not a case should be dismissed for failing to effect service within 120 days when the plaintiff is an incarcerated in forma pauperis litigant.  The court noted there was "no binding authority stating whether a pro se prisoner-litigant proceeding IFP is at fault when he cannot provide the current address of a prison guard to the court-appointed service agent." 598 F.3d at 739.  In resolving this issue, the court considered several cases from the Seventh Circuit Court of Appeals.  In Sellers, the Seventh Circuit held that when the

Marshals Service is directed to serve a federal prison guard, the in forma pauperis plaintiff-prisoner need only identify the guard and the Marshals Service, as a part of the Department of Justice, should have sufficient access to information so as to be able to locate and serve the named defendant guard. Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990), *explained in* Richardson, 598 F.3d at 739. The follow-up case to Sellers was Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995), in which the plaintiff was a state pro se prisoner proceeding in forma pauperis, but the court found that distinction to be "irrelevant." 598 F.3d at 739, *quoting* Graham, 51 F.3d at 713. The underlying reasoning, however, was that

> use of marshals to effect service alleviates two concerns that pervade prisoner litigation, state or federal: 1) the security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the "runaround" when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result.

Graham, 51 F.3d at 713, *quoted in* Richardson, 598 F.3d at 739. The Eleventh Circuit found the reasoning persuasive, and found it "unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." Richardson, 598 F.3d at 739-740. The court concluded "that, as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Id.*, at 740.

Here, good cause was *assumed* for Plaintiff in November of 2011 when an Order was entered *sua sponte* on behalf of the Plaintiff which required assistance from the Department of Corrections in locating the two missing Defendants. Doc. 55. Noting the

security and confidentiality issues in using discovery to locate former law enforcement and correctional officers, the Department was required to "(1) inform the United States Marshal in confidence of the last known address for the Defendants . . . or (2) make an appearance on behalf of one or both Defendants, or (3) advise the Court that neither alternative is possible." *Id.*, at 3.  In response, the Department of Corrections provided the "last known addresses of" both Defendants Hall and Pickles in confidence to the Marshals Service.  Doc. 57.  The Marshals Service then attempted to serve the Defendants again, but were unsuccessful. Three more efforts to personally serve Defendant Hall were made at the address provided in confidence by the Department, but the Marshals were unsuccessful in locating Defendant Hall or in receiving a response to the business cards left at the address.  Doc. 59.  Service could not be carried out on Defendant Pickles either because the property was "vacant and has been [vacant] for over a year according to the realtor."[1]  Doc. 60.

No further assistance is possible from the Court in locating defendants for a plaintiff, even one who is incarcerated.  The Department of Corrections was required to assist, and the Marshals made numerous efforts to carry out service.  Reasonable efforts have been made.  The Eleventh Circuit held that district court should determine whether a defendant "can be located with reasonable effort" and, if so, the defendant must be served.  Richardson, 598 F.3d at 740.  Otherwise, the court may properly dismiss a claim based on the failure to serve process within Rule 4(m).  *Id.*

---

[1] There is no indication that the realtor was hired by Defendant Pickles, and no indication that clarifies whether Defendant Pickles was a renter or property owner, and no indication that the realtor was aware of Defendant Pickles' current whereabouts.

Reasonable assistance has been provided to Plaintiff, recognizing his interest in pursuing his claim and balancing that with the obvious security problems in providing a former correctional officer's home address to a prisoner. The Department of Corrections has complied with orders requiring assistance, and that process has worked sufficiently in the past. Numerous efforts were made by the Marshals Service in attempting to locate and serve the Defendants. When all of those efforts were unsuccessful, Plaintiff was put on notice of the problems and provided with an opportunity to assist in serving the Defendants and obtaining jurisdiction over them. Plaintiff's deadline for responding was April 27, 2012. Docs. 86, 93. Plaintiff failed to respond and has provided no information which would aid in serving Defendants Hall and Pickles. There is no basis to continue a case against Defendants who have not been served and whose whereabouts is unknown.

Pursuant to Fed. R. Civ. P. 4m, service must be completed within 120 days from the date of filing. Rule 4(m) provides:

> If a defendant is not served within 120 after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) (2007). At this point, 218 days have elapsed from the date in which service was directed. Plaintiff has had notice, and has not responded. It is time to dismiss those two Defendants and proceed against the Defendants who are actively part of this case.

Case No. 4:10cv404-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that the claims against Defendants Pickles and Hall be **DISMISSED** for failure to serve the complaint within 120 days as is required by FED. R. CIV. P. 4(m), and the case be **REMANDED** for further proceedings against the remaining three Defendants.

**IN CHAMBERS** at Tallahassee, Florida, on May 23, 2012.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**