**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GARY C. QUILLING,**

    **Plaintiff,**

vs.                                                    **Case No. 4:10cv404-WS/CAS**

**DAVID W. CLARK, Inspector,
JOSE COLON, Captain,
and JEFFREY HASTY, Sergeant,**

    **Defendants.**

    _____/

## O R D E R

Plaintiff, a pro se prisoner, filed a third amended complaint, doc. 38, on September 14, 2011. Service efforts were made for a considerable period of time, docs. 39, 43, 47, 55, 61, 62, 66, 69, 86, 93, but eventually two Defendants (Pickles and Hall) were dismissed from this case because service could not be completed. Docs. 98, 102.

A case management and initial scheduling order was not entered in this case until June 5, 2012, doc. 100, after the Defendants filed the Answer, doc. 99, on June 1, 2012. The discovery period was initially set to end on September 5, 2012, with summary judgment motions due 21 days later. Doc. 100. Thereafter, the deadlines

were extended to November 16, 2012, to complete discovery, and December 7, 2012, to file summary judgment motions. Docs. 115, 117. When the summary judgment deadline passed with none of the parties having filed potentially dispositive motions, an Order was entered directing the parties to advise whether they were ready to proceed to the pretrial stage of litigation or whether they believed a settlement conference would be beneficial. Doc. 118.

In response to that Order, doc. 118, Plaintiff filed a third motion to compel and for sanctions on December 26, 2012. Doc. 119. Ruling was deferred on Plaintiff's motion and Defendants directed to reply. Doc. 120. In light of that Order, the dispositive motion deadline (December 17, 2012) was stayed. *Id.* After consideration of the motion, doc. 119, and Defendants' response, doc. 121, Plaintiff's third motion to compel was granted in part and denied in part on January 9, 2013. Doc. 122.

The January 9th Order provided the parties an opportunity to again indicate whether they were ready to proceed to the pretrial stage of litigation and state whether or not a settlement conference would be beneficial. Doc. 122. In response, Defendants filed a notice advising that settlement had been discussed with Plaintiff on several prior occasions and a "settlement conference would not be fruitful." Doc. 126. Plaintiff has not responded.

While this case could now be referred to the assigned District Judge to schedule the trial of this matter, it should first be made clear on the record that the material facts of this case are genuinely disputed by the parties, that there exists evidence to support the factual assertions of the parties, and that trial of this case is necessary. FED. R. CIV. P. 56(c),(d), (e). This Order makes clear that the Order which previously stayed the

summary judgment deadline, doc. 120, is hereby **vacated** and the parties may submit potentially dispositive summary judgment motions as previously explained, doc. 100, no later than **February 26, 2013**. Alternatively, if the parties maintain that all material facts are genuinely in dispute such that even a partial summary judgment motion would not be warranted, the parties shall affirmatively state their positions on the record, not later than **February 26, 2013**.

Accordingly, it is

**ORDERED:**

1. The parties shall file responses to this Order as explained above no later than **February 26, 2013**.

2. Alternatively, no later than **February 26, 2013**, the parties may file potentially dispositive motions for summary judgment in accordance with the Case Management and Scheduling Order, doc. 100.

3. Plaintiff shall keep the Clerk's Office advised of his current address and shall immediately file a notice of change of address should his mailing address change.

4. The Clerk of Court shall return this file upon the filing of responses to this Order, the filing of summary judgment motions, or no later than February 26, 2013.

**DONE AND ORDERED** on February 5, 2013.

        S/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**