**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GARY C. QUILLING,**

       **Plaintiff,**

**vs.**                           **Case No. 4:10cv404-WS/CAS**

**DAVID W. CLARK, Inspector,
JOSE COLON, Captain,
and JEFFREY HASTY, Sergeant,**

       **Defendants.**

_____/

## O R D E R

      Plaintiff, a pro se prisoner, has filed "Plaintiff's Motion for Expert Witnesses."

Doc. 127.  Plaintiff seeks to call two expert witnesses if and when this case goes to trial.

Plaintiff's motion does not indicate that either of the two suggested expert witnesses will

testify voluntarily for Plaintiff, nor does Plaintiff indicate how he will pay for those

witnesses.  Rather Plaintiff points to Steele v. Shah, 87 F.3d 1266 (11th Cir. 1996) for

the proposition that the Court may appoint expert witnesses on his behalf under Rule

706.

      In Steele v. Shah, the Eleventh Circuit "emphasize[d] that" the court was not

"offer[ing] any opinion on the propriety of appointing an expert witness" but, rather,

"only direct[ing] that discretion on the matter be exercised and reflected in a reasoned ruling." Steele, 87 F.3d at 1271. The case was remanded because the district court had not provided any explanation for not granting an expert witness or appointment of counsel. *Id.* at 1270-71.

Plaintiff's motion for appointment of two expert witnesses is denied because under Rule 706(a), "the court may only appoint someone who consents to act" as an expert witness. FED. R. EVID. 706(a). Plaintiff has not shown that the two proposed experts have consented, or will consent, to testify in this case as Plaintiff's expert witness.

Moreover, in another order entered this day, the parties have been provided an opportunity to pursue summary judgment as permitted by FED. R. CIV. P. 56. This case is not yet on the trial calendar and this motion is premature.

As for Plaintiff's motion requesting the appointment of counsel, included within the motion for appointment of expert witnesses, doc. 127, that motion is also denied. Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Plaintiff has not demonstrated that these legal issues are either novel or complex. Moreover, Plaintiff has demonstrated a sophistication[1] in litigating this matter which demonstrates he is able to represent

---

[1] Plaintiff has filed a motion for recusal, doc. 18, motion to alter or amend judgment, doc. 32, motion to correct a court order, doc. 45, motion for default judgment, doc. 80, and a motion for a hearing on the motion for default judgment, doc. 81, and numerous motions to compel, docs. 111, 116, and 119.

himself. Thus, Plaintiff's motion for appointment of counsel, doc. 127, is denied without prejudice.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for expert witnesses and to appoint counsel, doc. 127, is **DENIED**.

2. Plaintiff shall keep the Clerk's Office advised of his current address and shall immediately file a notice of change of address should his mailing address change.

3. The Clerk of Court shall return this file upon the filing of summary judgment motions, or no later than February 26, 2013.

**DONE AND ORDERED** on February 5, 2013.


**S/    Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**